UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
JUN 29 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-418-GWU

HEDDIE GOODIN,                                                            PLAINTIFF,

VS:                       MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT,

## INTRODUCTION

Heddie Goodin brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Goodin, a 39 year-old former restaurant shift leader and child care attendant with a high school equivalent education, suffered from impairments related to discogenic and degenerative disorders of the spine and a history of a somatoform disorder. (Tr. 14, 21). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 23). Since the claimant would be able to return to her past relevant restaurant work, she could not be considered totally disabled. (Tr. 23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

In determining that Goodin could return to her past relevant work as a restaurant shift manager, the ALJ relied heavily upon the testimony of Vocational Expert Katherine Bradford. The hypothetical question presented to Bradford

5

included an exertional limitation to light level work along with such non-exertional restrictions as (1) a "limited" ability to push or pull with the upper extremities; (2) an inability to more than occasionally climb ladders, ropes or scaffolds, stoop, or crouch; and (3) an inability to more than occasionally reach overhead with both upper extremities.  (Tr. 335).  In response, Bradford testified that such a person could still perform the job of restaurant shift manager.  (Tr. 336).  Therefore, assuming that the vocational factors considered by Bradford fairly characterized Goodin's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Goodin's physical condition.  The question was essentially consistent with the physical limitations identified by Dr. Joseph Koenigsmark, an examining consultant.[1]  (Tr. 289).  The question was also essentially compatible with the limitations identified by Dr. S. Mukherjee, a non-examining medical reviewer.  (Tr. 154-162).  More severe physical restrictions were not reported by such treating and examining sources as the staff at the London-Corbin Clinic (Tr. 110-113), the staff at the Baptist Regional Medical Center (Tr. 114-120, 264-272), Dr. William Lester (Tr. 121-125), and the staff at Associates in Neurology (Tr. 142-144).  These reports provide substantial evidence to support the administrative decision.

Dr. Richard Park, a treating physician, did opine that Goodin would not be able to engage in active employment.  (Tr. 262).  The ALJ rejected Dr. Park's

---

[1] Dr. Koenigsmark limited crawling to occasional performance and noted that the plaintiff would have a mild limitation concerning exposure to unprotected heights. (Tr. 289). Neither of these restrictions was presented to the vocational expert. However, the Work History Report does not suggest that either of these additional limitations would interfere with performance of her past relevant work. (Tr. 91). Therefore, any error is harmless.

opinion as binding because it did not appear to be well-supported by objective medical data. (Tr. 21). Dr. Park only diagnosed cervical and thoracic/lumbar strain. (Tr. 263). The doctor's treatment notes indicate that an MRI Scan of the plaintiff's cervical spine had been negative. (Tr. 127). An MRI Scan of the thoracic spine revealed no diagnostic abnormality. (Tr. 129). Straight leg raising was negative. (Tr. 263). Under these circumstances, the ALJ could properly reject Dr. Park's opinion.

The ALJ dealt properly with the evidence of record relating to Goodin's mental status. Although the ALJ found that a "history" of a somatoform disorder was one of the plaintiff's impairments, no mental restrictions were included in the hypothetical question. Dr. Kevin Eggerman, an examining consultant, rated the plaintiff's ability as at least "limited but satisfactory" in all areas. (Tr. 281-282). Psychologists Laura Cutler (Tr. 163) and Ann Demaree (Tr. 177), the non-examining medical reviewers, each opined that the claimant did not suffer from a "severe" mental impairment. Psychologist Pamela Starkey, another examiner, did suggest the existence of "mild to moderate" limitations concerning simple instructions and responding to work pressures. (Tr. 151). However, her opinion was offset by that of Dr. Eggerman. The Court also notes that Anita Gaylor, a clinician at the Cumberland River Comprehensive Care Center, Goodin's treating source, did complete an assessment form upon which she identified several serious mental restrictions. (Tr. 273-275). However, under the federal regulations, Gaylor was not an "acceptable medical source" whose opinion would be binding on the ALJ. 20 C.F.R. Section 404.1513. Therefore, any error on the part of the ALJ in technically finding that Goodin did suffer from a "severe" mental impairment but including no mental limitations in the hypothetical question was harmless.

7

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _29_ day of June, 2005.

G. WIX UNTHANK
SENIOR JUDGE